UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| B.W.A., et al., | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:06CV1691 |
| FARMINGTON R-7 SCHOOL DISTRICT, et al. | ) |
| Defendant(s). | ) |

## ORDER

**A.  Background.**

This matter is before the Court upon Defendants' Request to Tax Costs (Doc. No. 39). On or about August 28, 2007, Defendants submitted a Bill of Costs seeking costs in the amount of $2,083.45, which Defendants incurred for depositions and service of process on a third party. Plaintiffs filed an Objection to Defendants' Request to Tax Costs (Doc. No. 40), claiming that Defendants' Bill of Costs was untimely, did not provide a basis for taxing costs and included costs not properly taxable. Defendants filed a Reply to Plaintiffs' Objection to Defendants' Request to Tax Costs (Doc. No. 42). Defendants assert that their Bill of Costs was timely and that they were not required to provide a basis for taxing costs. Defendants did not respond to Plaintiffs' claim that some of the bill of costs were not properly taxable. Plaintiffs' appealed this Court's grant of summary judgment to Defendants. The Eighth Circuit affirmed the District Court's decision and issued its mandate on February 25, 2009 (Doc. No. 48).

**B.  Timeliness.**

Plaintiffs assert that Defendants were required to file their Bill of Costs within 14 days after the entry of the judgment, pursuant to Fed.R.Civ.P. 54(d)(2). Fed.R.Civ.P. 54(d)(2), however,

specifically refers to claims for "attorney's fees and related **nontaxable** expenses." See Fed.R.Civ.P. 54(d)(2)(A) (emphasis added). As noted by Defendants, Fed.R.Civ.P. 54(d)(1), which refers to taxable expenses, does not contain a time limitation.

In addition, E.D. Mo. L.R. 54-8.03 provides that "[a] party seeking an award of costs shall file a verified bill of costs in the form prescribed by the Clerk, no later than twenty (20) days after entry of final judgment pursuant to Fed.R.Civ.P. 58." This Court entered judgment on August 10, 2007 (Doc. No. 38), and Defendants filed their Bill of Costs on August 28, 2007 (Doc. No. 39). Defendants' Bill of Costs was timely under E.D. Mo. L.R. 54-8.03.

**C.  Entitlement to Costs.**

Furthermore, even though Defendants have not stated a basis for recovering costs, they are entitled to costs as the prevailing party. See Fed.R.Civ.P. 54(d)(1); 28 U.S.C. §1920.[1] This Court granted summary judgment to Defendants on August 10, 2007 (Doc. No. 37), and this determination was affirmed by the Eighth Circuit (Doc. No. 47). Accordingly, Defendants are entitled to their taxable costs.

---

[1] 28 U.S.C. §1920 provides:
A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

1. Deposition Costs

Defendants claim that they are entitled to their depositions costs. Unless the opposing party interposes a specific objection that a deposition was improperly taken or unduly prolonged, deposition costs will be taxed as having been necessarily obtained for use in the case within the meaning of 28 U.S.C. § 1920. Meder v. Everest & Jennings, Inc., 553 F. Supp. 149, 150 (E.D. Mo. 1982). In the absence of such an objection on defendants' part, the deposition costs sought by plaintiffs will be allowed. See Morrissey v. County Tower Corp., 568 F. Supp. 980, 981 (E.D. Mo. 1983)("defendant's bill of costs for court reporter fees be and is granted to the extent that the costs are for either the court's copy or defendant's first copy of the pre-trial proceedings transcript."). The deposition costs incurred by Defendants as set forth in their Bill of Costs are generally taxable.

Defendants, however, included the cost of postage and handling for the depositions. Such costs are not properly taxable. Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879 (8th Cir. 2006) ("28 U.S.C.S. § 1920 does not authorize taxing a party for postage and delivery expenses."); Border State Bank, N.A. v. AgCountry Farm Credit Servs., No. 06-2611, 2009 U.S. Dist. LEXIS 8397, at *5 (D. Minn. Feb. 4, 2009) ("costs to deliver depositions are not taxable"). The Court reduces Defendants' bill of costs by $68.55, the amount of the delivery charges for the depositions.[2]

2. Costs for Service

Plaintiffs also argue that they should not be taxed for the cost of the rush fee charged by AAA Process Service for service on KFVS Channel 12 News. (See Doc. No. 39-2, p. 3). Defendants do

---

[2]The delivery charges for the relevant depositions were as follows:
| | |
|---|---|
| W.L. Sanders, Mark Krause and Judith Delaney: | $14.00 |
| BWA, Marc and Tamra Archambo: | $ 7.00 |
| R.S., Scaggs, S.B. and Patricia K. Hill: | $11.18 |
| Judith Delany: | $10.42 |
| Susan Barber and Todd McKinney: | $10.95 |
| Dr. Allen C. Guelzo: | $15.00 |

not respond to this claim in their reply memorandum (Doc. No. 42). The cost of expediting service of the subpoena on KFVS Channel 12 News is not properly taxable. Modern, Inc. v. Florida, No. 6:03-cv-718, 2008 U.S. Dist. LEXIS 31057, at *6 (M.D. Fla. Apr. 15, 2008) (reducing cost for rush service of summons); Kennedy v. Joy Techs., Inc., 484 F. Supp. 2d 502, 504 (W.D. Va. 2007) (taxing costs for private special process server but not the extra costs associated with rush service fees); Ridings v. Riverside Med. Ctr., No. 05-2134, 2007 U.S. Dist. LEXIS 21145, at *3 (C.D. Ill. Mar. 26, 2007) (denying the cost of rush service of process where defendant failed to demonstrate that rush service was necessary for litigation); see also Thirty & 141, LP v. Lowe's Home Ctrs., Inc., No. 4:06-CV-01781, 2008 U.S. Dist. LEXIS 37187, at *3-4 (E.D. Mo. May 6, 2008) ("A party seeking reimbursement for expedited services should generally demonstrate necessity with regard to the same.") (citations omitted). As Defendants have not demonstrated the rush service was necessary, the Court reduces Defendants' bill of costs by $50.00, the "rush fee" for service on KFVS Channel 12 News.

Plaintiffs also objected to the hourly investigation fee charged by AAA Process Service for service on AAA Processing Service, Inc. The $275.00 was in addition to the service fee of $120.00. Defendants have not provided any explanation for the $275.00 fee. Accordingly, the Court will not tax Plaintiffs for the $275.00 investigation fee.

**D.     Conclusion.**

The Court will reduce the amount requested by Defendants by $393.55 and will assess costs against Plaintiffs in the amount of $1689.90.

Accordingly,

**IT IS HEREBY ORDERED** that costs are taxed against Plaintiffs in the amount of $1689.90 as set forth in Defendants' Bill of Costs (Doc. No. 39) and the analysis herein.

Dated this 17th day of March, 2009.

                                                /s/ Jean C. Hamilton
                                                UNITED STATES DISTRICT JUDGE